IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN

    Plaintiff,                             CIVIL ACTION
                                         FILE NO.

v.

RISEN CAPITAL, LLC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. 227 et seq. Defendant called Plaintiff's cell phone repeatedly, using a telephone system that qualifies as an automated telephone dialing system or predictive dialer as defined by the Act. Defendant had no pre-existing relationship with Plaintiff. Defendant had no consent to make the offending phone calls, which are believed to be in excess of thirty phone calls made repeatedly to Plaintiff's cell phone in a manner that violates federal law. Plaintiff did not owe Defendant a debt. Defendant's telephone calls to Plaintiff's cell phone (with an ATDS or predictive dialer) were of a solicitation nature.

## II. PARTIES

1. Plaintiff is a natural person residing in Pinellas County, Florida.

2. Defendant is a foreign for profit engaged in a for profit business.

## III. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

4. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA

5. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

6. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

A. to store or produce telephone numbers to be called, using a random or sequential number generator; and

B. to dial such numbers.

See, 47 U.S.C. 227 (a)(1).

7. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any

telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

8. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

A. an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

B. an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

C. both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

11. Defendant did not and does not have express consent to call Plaintiff cell phone which has the number **940.230.6579** and which is serviced via **AT&T** as the cell phone service provider, with an ATDS.

12. Defendant called at least thirty times with an ATDS or pre-recorded messages to the Plaintiff's cell phone **940.230.6579** within four years of the filing of this complaint. Plaintiff is the registered owner of the cell phone referenced above.

## VI. TCPA VIOLATIONS

13. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

14. The actions of the Defendant individually and collectively violated the TCPA.

15. By the Defendant calling the Plaintiff's phone without express consent with an ATDS the Defendant violated the TCPA. 47 U.S.C. 227.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

1. Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

2. Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

3. Fair and reasonable costs of this action;

4. Injunctive relief;

5. Such other and further relief that the Court deems just and proper.

W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com