UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN

     Plaintiff,                         CIVIL ACTION
                                               FILE NO.

v.

RISEN CAPITAL, LLC.

     Defendant.


_____/

## CASE MANAGEMENT REPORT

       1.    Meeting of Parties:    Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on September 8, **2015** at **2:00 p.m.**

       (X) by telephone
       (_) at _____.

The meeting was attended by:

| **NAME** | **COUNSEL FOR (IF APPLICABLE)** |
|---|---|
| **W. JOHN GADD, ESQ.** | **PLAINTIFF** |
| **SHELDON ZIPKIN, ESQ.** | **DEFENDANT** |

       2.    <u>Initial Disclosures:</u>

          a.    Rule 26(a)(1), Federal Rules of Civil Procedure, states:

          Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

          (i) the name and, if known, the address and telephone number

of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties
(__) have exchanged Rule 26(a)(1)(A) information.

(_x_) agree to exchange Rule 26(a)(1)(A) information
on or before _30 days after CMR meeting-October 7, 2015.[2]
(__) stipulate not to disclose Rule 26(a)(1)(A) information because:  N/A.

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's
disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).
[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

3.      Discovery Plan – Plaintiff:    The parties jointly propose the following Plaintiff's discovery plan:

a.      Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Request for Admission:

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiff's requests for admission.

(2) Written Interrogatory:

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

(3) Requests for Production or Inspection:

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

(4) Oral Depositions:

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

Number of Deposition: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement o the parties.

The parties request an order extending the duration of the following depositions:

Name                          Proposed length of Deposition                    Grounds

**NONE.**

b.  Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiff's Rule 26(a)(2) disclosure is due on or before **January 11, 2016**.

c.  Supplementation of Disclosures and Responses:  The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

**As needed**.

d.  Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before  **May 3, 2016**.

4.     Discovery Plan ( Defendant): The parties jointly propose the following discovery plan for the defendant:

a.     Planned Discovery: A description of every discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery:

(1) Requests for Admission:

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendant's requests for admission.

(2) Written Interrogatory:

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and

subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

(3) <u>Requests for Production or Inspection:</u>

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

(4) <u>Oral Depositions:</u>

**PER FEDERAL RULES OF CIVIL PROCEDURE.**

Number of Deposition: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement o the parties.

The parties request an order extending the duration of the following depositions:

<u>Name</u>                    <u>Proposed length of Deposition</u>                    <u>Grounds</u>

**NONE.**

e.  Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before **March 25th, 2016.**.

f.  <u>Supplementation of Disclosures and Responses:</u>  The parties agree that the defendant will supplement under Rule 26(e) at the following times:

**<u>As needed</u>**.

g.  <u>Completion of Discovery:</u> The defendant will begin discovery in time to complete the discovery on or before **May 3<u>rd</u> 2016**.

5.    <u>Joint Discovery Plan – Other Matters:</u> The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

**The parties agree to attempt to resolve all issues of privilege and confidentiality through signed agreements or party stipulations.**

6.      Disagreement or Unresolved Issues Concerning Discovery Matters: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery.  The following discovery issues remain:

**None currently.**

7.      Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by **February 3, 2015** for leave to file a third party claim or for leave to join a party.  See time limit in Local Rule 4.03.  The parties agree that a dispositive motion is due on or before **June 3, 2016**.

8.      Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

Parties agree that settlement is
___ likely
____**X**_unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties
_____consent
 __**X**___ fail to consent.

If the parties fail to consent to binding arbitration, future consent is
_____likely
 __**X**___unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.      Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (see 28 U.S.C. § 636), the parties.
_____consent
 __**X**___ fail to consent

If the parties do not consent, future consent is
_____likely
 __**X**_____unlikely.

10.     Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after **August 1, 2016** (date) and for trial, which will occur on or after **August 4, 2016** (date).  This trial is expected to last approximately **2-3** days and is a

_____jury trial

__x_bench trial.

11.     Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge that awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12.     Other Items:

Date: SEPTEMBER 9, 2015.


/s/ W. JOHN GADD
 W. John Gadd, Esq.
 Florida Bar No.:  463061
 Bank of America Building
 2727 Ulmerton Road – Suite 250
 Clearwater, FL 33762
 Telephone:  (727) 524-6300
 wjg@mazgadd.com

 *Attorney for Plaintiff*
 s/Sheldon Zipkin,

SheldonZipkin Esq.
Law Offices of Sheldon Zipkin P.A.
2020 NE 163rd Street, Suite 300
North Miami Beach, FL 33162
305-944-9100 - Miami-Dade
954-525-5333 - Broward
305-940-3187 - Fax
SheldonZipkin@gmail.com (Current)
Zipkin@aol.com (Previous)