UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN,

    Plaintiff(s),

v.                            Case No.  8:15-cv-1693-T-27MAP

RISEN CAPITAL, LLC,

    Defendant(s).
_____/

### CASE MANAGEMENT AND SCHEDULING ORDER

Upon consideration, it is **ORDERED and ADJUDGED**:

1.     **TRIAL**:  This case is set for **non-jury** trial in Courtroom 13B, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, during the trial term beginning **October 3, 2016.**

2.     **PRETRIAL CONFERENCE**:  A pre-trial conference will be held in Tampa, Florida, on **September 9, 2016 at 10:30 A.M.** Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed.R.Civ.P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. The parties shall file a JOINT Pretrial Statement no later than three (3) days before the date of the Pretrial Conference. **The Pretrial Conference shall be attended by all counsel who will participate in trial. Counsel shall be vested with full authority to make and solicit disclosure and agreements on all matters pertaining to trial. Counsel who do not attend the Pretrial Conference will not be permitted to participate in trial.**

3.     Parties are directed to meet the agreed upon terms and time limits in the parties' Case Management Report, except as noted below:

    Each party shall disclose, by full name and address, each non-expert witness it intends to call at trial 30 days prior to expert witness disclosure deadline.

    Expert witness disclosure deadline pursuant to Fed. R. Civ. P. 26(a)(2): **March 25, 2016**.

    Rebuttal expert(s) shall be disclosed within (20) days after the initial disclosures.

4. Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are disfavored. See Local Rule 3.05(c)(2)(E) and Local Rule 3.05(c)(3)(D). The deadline for motions to amend pleadings is 10 days after discovery cut-off date.

5. **DISCOVERY CUTOFF**: The discovery cut-off date: **May 3, 2016**.

6. **MEDIATION DEADLINE**: Parties shall participate in mediation at least two (2) weeks prior to the dispositive motion cutoff date in Paragraph 8. The parties shall file a stipulation selecting a mediator within 120 days from the date of this order, unless otherwise ordered by the Court. The list of certified mediators is available in the Clerk's Office or on the internet at www.flmd.uscourts.gov/mediatorlist.pdf.

**Designation of Lead Counsel**: Plaintiff's counsel is designated as Lead Counsel, and shall be responsible for working with the Mediator and all other counsel, as well as any *pro se* parties if applicable, to schedule the mediation conference. The stipulation referenced above shall: (a) identify the selected Mediator and include complete address, telephone and facsimile (if available) information, and (b) set forth the time, date and place of the scheduling for the mediation conference.

7. *DAUBERT* **MOTION DEADLINE:** Deadline to file *Daubert* Motions: **June 3, 2016.**

8. **DISPOSITIVE MOTION CUTOFF**: Dispositive motion filing deadline: **June 3, 2016.**

9. **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

   (a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and legal memorandum. Multiple motions for summary judgment will not be permitted.

   (b) Pursuant to Rule 56(c), Fed.R.Civ.P, as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day for filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. **Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.**

  (c) Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the twenty-five (25) page limit for memoranda of law pursuant to the Local Rules are disfavored.

  (d) Summary judgment motions, supporting memoranda and responses to summary motions shall include citations to the record, including but not limited to page and line references to affidavits, depositions, testimony, exhibits and documents.  Factual statements shall be followed by a record citation.  Non-compliance with this directive shall result in that pleading being stricken.

  (e) Oral argument or hearings will generally not be held on the motion.

10. No later than five (5) days prior to the date on which the trial term is set to commence, the parties shall file with the Clerk of Court, the following (and as to each of the following, provide directly to Chambers, by mail or hand-delivery a "Judge's Courtesy Copy," so marked):

  (a) If the case is a jury trial, the parties shall file a complete set of all written Proposed Jury Instructions and a Proposed Verdict Form.

  (b) If the case is a non-jury trial, the parties shall file a Proposed Findings of Fact and Conclusions of Law.

11. **CONSENT TO TRIAL BY MAGISTRATE JUDGE**: In accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73 the parties are encouraged to consent to have the assigned United States Magistrate Judge conduct any and all further proceedings in this case, including trial.

12. **SETTLEMENTS**: Counsel shall immediately notify Chambers or the Courtroom Deputy Clerk if their case has settled.  See Local Rule 3.08.  Notices of settlement must be in writing.

**DONE AND ORDERED** this 18th day of September, 2015.

          */s/ James D. Whittemore*

          **JAMES D. WHITTEMORE**
          **United States District Judge**

Distribution:
 Copy to counsel and unrepresented parties