UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN

Plaintiff,                                   CIVIL ACTION
                                             FILE NO.: 8:15-cv-1693-T-27MAP

v.

RISEN CAPITAL, LLC.

      Defendant.

_____/

## JOINT FINAL PRETRIAL STATEMENT

COME NOW the Plaintiff and Defendant, by and through their respective counsel and submit this Joint Final Pretrial Statement in compliance.

### 1.    BASIS OF FEDERAL JURISDICTION.

Plaintiff brings this action pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 207, which provides:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207 (1934).

Personal jurisdiction over the parties arises under 28 U.S.C. § 1337.  Venue is proper in this Court as Plaintiff and/or Defendant resides in this District and/or the complained of actions occurred in this District.  There are no unresolved jurisdictional questions in this case.

2.      **NATURE OF THE ACTION.**

Plaintiff sued Defendant for violations of the TCPA

TCPA:  Plaintiff alleges that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system (ATDS) without Plaintiff's prior express consent.  Defendant has denied all liability under the TCPA.

3.      **STATEMENT OF THE CASE.**

(a)      **Plaintiff.**  Plaintiff asserts that Defendant violated section 227(b)(1)(A)(iii) of the TCPA by placing calls to his cellular telephone using an automatic telephone dialing system without his prior express consent.  Plaintiff further asserts that any prior express consent he may have provided was revoked verbally on multiple occasions.

(b) **Defendant**.   Defendant denies liability under the TCPA, asserting no calls were made after express consent was revoked.

4.      **EXHIBIT LIST.**

(a) **Plaintiff.**

Plaintiff's trial exhibit list is attached as **Exhibit 1** on Clerk's approved form.

(b) **Defendant.**

Defendant's trial exhibit list is attached as **Exhibit 2** on Clerk's approved form.

5.    **WITNESS LIST.**

(a) **Plaintiff.**

Plaintiff's witness list is attached as **Exhibit 3** on Clerk's approved form.

(b) **Defendant.**

Defendant's witness list is attached as **Exhibit 4** on Clerk's approved form.

6.    **EXPERT WITNESS.**

(a) **Plaintiff -** None.

(b) **Defendant** – None.

7.    **DAMAGES.**

Plaintiff is seeking statutory damages under the TCPA of $500.00 per call.  The TCPA does not entitle Plaintiff to an award of attorney's fees and costs if he prevails.

8.    **DEPOSITIONS TO BE OFFERED IN EVIDENCE AT TRIAL.**

(a) **Plaintiff.**  At this time, Defendant does not expect to offer the testimony of any witness by deposition.

(b) **Defendant.**  At this time, Defendant does not expect to offer the testimony of any witness by deposition.

9.    **STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL.**

a.   Plaintiff is a resident of the Middle District of Florida;

b.   This court has jurisdiction over the parties and the subject matter;

c.   Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes;

d.   Defendant did not maintain any audio recordings of its calls placed to

3

Plaintiff's cellular telephone number.

10.   **APPLICABLE PRINCIPLES OF LAW.**

The parties agree that the substantive action at issue is governed by the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA").   The Parties further agree to the applicability of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

11.   **DISPUTED ISSUES OF FACT WHICH REMAIN TO BE LITIGATED.**

**(a)** *Whether Defendant violated Section 227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone using an automatic telephone dialer without his prior express consent?*

12.   **DISPUTED ISSUES OF LAW WHICH REMAIN FOR DETERMINATION.**

**(a)** *Did Defendant have authorization to call Plaintiff's cell phone with an ATDS/precorded messages?*

**(b)** *Did Defendant make calls to Plaintiff after Plaintiff withdrew permission?*

13.   **DISAGREEMENT AS TO APPLICATION OF THE FEDERAL RULES OF EVIDENCE & FEDERAL RULES OF CIVIL PROCEDURE.**

None.

14.   **MOTIONS / ADDITIONAL MATTERS.**

**(a) Plaintiff.**

(1)  None.

**(b) Defendant.**

(1)  None.

**WHEREFORE** Plaintiff and Defendant, respectfully submit this proposed joint pretrial statement for the Court's consideration and for application and use before and during trial.

Dated this 7th day of September 2016.


/s/ W. John Gadd
W. John Gadd, Esquire
Florida Bar No. 463061
Bank of America Building
2727 Ulmerton Road, Suite 250
Clearwater, FL 33762
Telephone  (727) 524-6300
wjg@mazgadd.com
*Attorneys for Plaintiff*

/SZ/
Sheldon Zipkin, Esq.
2020 NE 163 Street
Suite 300
North Miami Beach, FL  33162
305-944-9100
*Sheldonzipkin@gmail.com*
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on September 7, 2016, via the Clerk of Court's CM/ECF system which will provide electronic notice to the all attorneys of record.

*/s/ W. John Gadd*___

W. John Gadd, Esquire

Florida Bar No. 463061

Bank of America Building

2727 Ulmerton Road, Suite 250

Clearwater, FL 33762

Telephone  (727) 524-6300

wjg@mazgadd.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN

Plaintiff,

                                 CIVIL ACTION
                                 FILE NO.: 8:15-cv-1693-T-27MAP

v.

RISEN CAPITAL, LLC.

      Defendant.

_____/

# WITNESS LIST

_____Government___XXX Plaintiff ___Defendant       _____Court

           Case No.      8:15-cv-1693-T-27MAP

             Style:       Blikken v. Risen Capital, LLC.

1.     Andrew Blikken

2.     Defendant's
       Corporate
       Representative.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN

Plaintiff,

CIVIL ACTION
FILE NO.: 8:15-cv-1693-T-27MAP

v.

RISEN CAPITAL, LLC.

Defendant.

_____/

# EXHIBIT LIST

_____Government ___XX_Plaintiff __Defendant          _____Court

Case No.    8:15-cv-1693-T-27MAP
Style:      Blikken v. Risen Capital, LLC

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions | Description of Exhibit |
|---|---|---|---|---|---|
| D-1 | | | Andrew Blikken | | Telephone Log of Incoming Calls from Defendant |
| D-2 | | | Andrew Blikken | | Email/Correspondence from Defendant |
| D-3 | | | | | |
| D-4 | | | | | |