UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ANDREW BLIKKEN

    Plaintiff,                            CIVIL ACTION
                                              FILE NO.: 8:15-cv-1693-T-27MAP

v.

RISEN CAPITAL, LLC.

    Defendant.

_____/

**<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND</u>**

**<u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff pursuant to Federal Rule of Civil Procedure 55(b)(2), seeks an Order by the Court entering judgment of default against the Defendant, and in favor of the Plaintiff and in support thereof, states as follows:

1. Plaintiff timely filed a Telephone Consumer Protection Act complaint against the Defendant for using an autodialer to call Plaintiff's cellular telephone for purposes of solicitation. (Dkt. 1).

2. Said complaint was duly served and thereafter Defendant filed an Answer on August 12, 2015, which has since been stricken by this Court. (Dkt. 6 and 48 )

3. On October 12, 2016, the Clerk entered default against Defendant (Dkt. 49)

3.  The Complaint at issue pleads counts against Defendant for, *inter alia*, violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), (Dkt. 1).

4.  Plaintiff pled in his Complaint that Defendant did not and never did have express consent to use an ATDS for solicitation purposes to call Plaintiff's cell phone number **940.230.6579,** which is serviced via **AT&T** as Plaintiff's cell phone service provider. (Dkt 1, §11)

5.  Defendant called at Plaintiff's cell phone at least thirty times with an ATDS or pre-recorded messages to the Plaintiffs cell phone number **940.230.6579** within the four years prior to filing the Complaint. Plaintiff is the registered owner and subscriber of the cell phone.

6.  For the reasons set forth below, Plaintiff is entitled to a final default judgment against Defendant with respect to the TCPA claim asserted in Plaintiffs' Complaint (Dkt. 1).

## MEMORANDUM OF LAW

**I.  Default Judgment Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31,

2

2014 WL 3887509, *2 (M.D. Fla. 2014)(citing <u>Miller v. Paradise of Port Richey, Inc.</u>, 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). "Rather, the Court determines the amount and character of damages to be awarded." <u>Isaula v. Chicago Rest. Group, LLC</u>, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting <u>Miller</u>, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." <u>Fleming</u>, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." <u>Id</u>. (quoting <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir.1979) [1] and citing <u>SEC v. Smyth</u>, 420 F.3d 1225, 1231–32 (11th Cir.2005)). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." <u>Id</u>. (citing <u>Smyth</u>, 420 F.3d at 1232 n. 13). *See also* <u>Broad. Music</u>, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." <u>Massachusetts Mut. Life Ins. Co. v. Hunter</u>, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing <u>Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir.2007) (citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir.1975)).

**<u>Statutory Basis for TCPA Claims Regarding Calls Placed to Cellular Telephones</u>**

The provision of the TCPA applicable to calls placed to cellular telephones provides as follows, in pertinent part:

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice --
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)(1)(A)(iii).

In sum, "[t]he [TCPA] makes it unlawful to make any call using an automatic telephone dialing system (an 'autodial system' [or 'ATDS']) to a cellular telephone without the prior express consent of the 'called party.'" Breslow v. Wells Fargo Bank, N.A., No. 12–14564, -- F.3d --- ,2014 WL 2565984, *1, 60 Communications Reg. (P&F) 934, 24 Fla. L. Weekly Fed. C 1405 (11th Cir. 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii); Pub. L. No. 102–243, 105 Stat. 2394). "'The TCPA is essentially a strict liability statute' that 'does not require any intent for liability except when awarding treble damages.'" Lardner v. Diversified Consultants Inc., 1:13-CV-22751-UU, 2014 WL 1778960, *4 (S.D. Fla. 2014) (quoting Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.2011) (quoting Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir.2008)).

"The statute further specifies that the appropriate remedy is 'an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such

violation, whichever is greater.'" Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(3)(B)). "Treble damages are also available for knowing or willful violations." Id. (citing 47 U.S.C. § 227(b)(3)(C)).

**The Calls At Issue Were Placed By Defendant Using An ATDS**

Plaintiffs' Complaint (Dkt. 1) alleges that "[t]he telephone calls at issue were placed by Defendant using an 'automated telephone dialing system' as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer")." (Dkt. 1, ¶ 34). "A defendant in default for failing to respond to a complaint admits all well-pleaded allegations of the complaint as to liability for purposes of default judgment." Hauser v. Hawthorne Dev. II Corp., 6:07-cv-704-Orl-28KRS, 2007 WL 4570727, *1 (M.D. Fla. 2007). *See also* Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established'" (quoting Nishimatsu, 515 F.2d at 1206)).

**Plaintiff WAS The "Called Party" As Defined By The TCPA**

The Eleventh Circuit has explained that the "'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service." Breslow, supra, -- F.3d ---, 2014 WL 2565984 at *1, 60 Communications Reg. (P&F) 934, 24 Fla. L. Weekly Fed. C 1405 (citing Osorio, supra, 746 F.3d at 1251). The Complaint (Dkt. 1) alleges that Plaintiff is the regular user and carrier of the cellular telephone number at issue, and was the called party and recipient of the calls at issue from Defendant. Further, Defendant never had a prior relationship

5

with Plaintiff nor any consent by Plaintiff to call his cell phone using an ATDS.

Finally, the Complaint alleges that Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing at least 30 calls to Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice without his prior express consent, invitation or permission. In fact, Plaintiff advised them every time that they called that he revoked any perceived consent for them to call his cell phone. Furthermore, in Defendant's Answer, which has been stricken, it fails to raise any affirmative defenses that it was not in fact calling Plantiff's cell phone with an ATDS.

### **Damages Under The TCPA**

The TCPA provides for a minimum recovery of five-hundred dollars ($500) for each telephone call placed by Defendant to Plaintiffs in violation of the TCPA, as codified by 47 U.S.C. § 227(b)(3)(B). Furthermore, the TCPA provides that where "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph [i.e., ($1,500.00) per violation]." 47 U.S.C. § 227(b)(3)(C).

### **Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendant with respect to the TCPA claim and find that all of the calls at issue were "willful and/or knowing" violations of the TCPA.

Pursuant to the above authority, Plaintiff respectfully requests that this Court enter a default judgment for violations of 30 calls placed to Plaintiff's cell phone with an ATDS and

find that each call was placed by the Defendant willfully, post- judgment interest, and for such other relief as this Court deems just and proper.

Dated November 8, 2016.

Respectfully submitted,

<u>**s/W. John Gadd**</u>
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com

s/ Lisa Wilcox/

_____
Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N., Suite 100
St. Petersburg, Florida 33701
Phone 727-821-1707
Email-lisa@wilcoxlawpa.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY THAT THE FOREGOING HAS BEEN FILED ON THE COURT'S ELECTRIC FILING SYSTEM WHICH WILL SEND A COPY OF THE FOREGOING TO

Defendant via US Mail and e-mail at
Risen Capital LLC
1300 NW 17 Avenue
Suite 278
Delray Beach, FL 33445
crystianmb@gmail.com

November 8, 2016

**s/W. John Gadd**
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com

8