UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BLIKKEN,

        Plaintiff,

v.                                        Case No.: 8:15-cv-1693-T-27MAP

RISEN CAPITAL, LLC,

        Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), alleging Defendant repeatedly called Plaintiff's cell phone without Plaintiff's consent. After Defendant failed to obtain counsel, the district judge struck Defendant's answer to the complaint and the Clerk entered default (docs. 48, 49). Plaintiff, claiming Defendant acted willfully, now asks the Court to enter judgment in his favor and award him treble damages in the amount of $45,000 (doc. 50). After taking the well-pleaded factual allegations in the Complaint as true, I find Plaintiff fails to show willfulness and therefore recommend judgment be entered for Plaintiff in the amount of $15,000.[1]

*A. Default Standard*

A court may, in its discretion, enter default judgment against a party who has failed to plead in response to a complaint. Fed. R. Civ. P. 55(b)(2); *Mason v. Lister*, 562 F.2d 343,

---

[1] The district judge referred the matter to me for a report and recommendation as to the motion's disposition. *See* 28 U.S.C. § 636 and Local Rule 6.01.

345 (5th Cir. 1977). Although the factual allegations of a well-pleaded complaint are taken as true, conclusions of law are not. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005). In other words, a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (The court has "an obligation to assure that there is a legitimate basis for any award it enters, and then assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond."). Finally, a hearing is not necessary to determine damages if the amount claimed is a liquidated sum or one capable of mathematical calculation and is supported by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations omitted); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005).

    B. Discussion

The TCPA aims to protect consumers from "unrestricted telemarketing," which Congress determined "[could] be an intrusive invasion of privacy." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) (citation omitted). The TCPA outlaws four practices; relevant here is its prohibition on "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). A plaintiff claiming this violation must prove "(1) a call was made to a cell or wireless phone,

(2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012) (citing 47 U.S.C. § 227(b)(1)(A)) (other citation omitted). The TCPA is "essentially a strict liability statute," awarding $500 in statutory damages for each phone call that violates the TCPA. *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1220 (S.D. Fla. 2014); 47 U.S.C. § 227(b)(3)(B). However, to be awarded treble damages ($1500 per violation), a plaintiff must additionally prove that the defendant willfully or knowingly performed the conduct that violated the statute. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015).

In his Complaint (doc. 1), Plaintiff alleges that Defendant called his personal cell phone at least thirty times using an automatic telephone dialing system or pre-recorded messages (*id*. at ¶ 12; *see also* Blikken Declaration, doc. 51, at ¶ 6). And Plaintiff never consented to Defendant's calls (Compl. ¶¶ 11, 15). Taken as true, these allegations are sufficient to state a TCPA claim and entitle Plaintiff to $500 per each violating phone call ($15,000 total). *See, e.g., Gambon v. R & F Enterprises, Inc.*, No. 6:14-CV-403-ORL-18, 2015 WL 64561, at *4 (M.D. Fla. Jan. 5, 2015). But as to Plaintiff's request for treble damages, the Complaint fails to allege facts showing that the Defendant acted knowingly or willingly. *See Lary*, 780 F.3d at 1106 (allegations must appear in the complaint, not only in the motion for default). Treble damages are thus inappropriate.

C. Conclusion

It is RECOMMENDED:

1. Plaintiff's motion for default judgment (doc. 50) be GRANTED to the extent that the Clerk be directed to enter judgment for Plaintiff and Plaintiff be awarded $15,000.

IT IS SO REPORTED in Tampa, Florida on November 28, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.